IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



CHRISTOPHER WILLIAM ODEN,

    Petitioner,

v.                                         Civil Action No. 3:17CV286

ERIC WILSON,

    Respondent.

## MEMORANDUM OPINION

Christopher William Oden, a federal inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging the execution of his federal sentence. In his § 2241 Petition, Oden argues entitlement to relief based upon the following grounds:

Claim One:   "Incorrect past criminal custody level points for violence places Petitioner at USP [United States Penitentiary] points. This violates Petitioner's constitutional rights and puts his life at a greater safety risk for a disabled inmate."[1] (§ 2241 Pet. 7.)

Claim Two:   Oden has been denied the ability to participate in a voluntary, non-residential sex offender treatment program "after release."[2] (*Id.* at 8.)

---

[1] To the extent possible, the Court corrects the punctuation, spelling, and capitalization in quotations from Oden's submissions.

[2] Oden states that he has been denied the ability to participate in a voluntary, non-residential sex offender treatment program "after release" from prison. (§ 2241 Pet. 8.) However, as set forth in the Bureau of Prisons Program Statement 5324.10 ("BOP Program Statement 5324.10"), both the non-residential sex offender treatment program and the residential sex offender treatment program are provided to inmates *during their incarceration*. BOP Program Statement 5324.10. After release from prison, inmates may receive specific treatment recommendations to be completed while on supervised release. *See id.* Due to the ambiguity of Oden's Claim Two, the Court will address whether Oden is entitled to relief as to his claim regarding participation in specific sex offender treatment programs *during his incarceration* and *after his release*.

Respondent has moved to dismiss ("Motion to Dismiss," ECF No. 11) Oden's § 2241 Petition, arguing that, *inter alia*, Oden fails to establish that he is in custody in violation of the Constitution or laws of the United States, as required under 28 U.S.C. § 2241. Respondent also analyzes Oden's § 2241 Petition as a civil rights action, arguing that Oden fails to show that either of his claims implicate protected liberty interests that rise to the level necessary to invoke Due Process protections. (Mem. Supp. Mot. Dismiss at 6–10, ECF No. 12.) For the reasons set forth below, Respondent's Motion to Dismiss (ECF No. 11) will be GRANTED. Oden's § 2241 Petition will be DENIED because Oden's claims are not cognizable under 28 U.S.C. § 2241 and, alternatively, construing his § 2241 Petition as a *Bivens*[3] action, he fails to state a claim upon which relief can be granted.

## I. NON-DISPOSITIVE MOTIONS

In addition to filing his § 2241 Petition, Oden filed a Motion to Supplement ("Motion to Supplement," ECF No. 17), Motion for Equitable Tolling of Time ("Motion for Equitable Tolling," ECF No. 18), Motion for Appointment of Counsel ("Motion for Appointment of Counsel," ECF No. 19), and Motion for Joinder of Party ("Motion for Joinder of Party," ECF No. 22). For the reasons set forth below, the Motion to Supplement and the Motion for Equitable Tolling will be DENIED AS MOOT, the Motion for Appointment of Counsel will be DENIED WITHOUT PREJUDICE, and the Motion for Joinder of Party will be DENIED.

In his Motion to Supplement, Oden states that he "brings before this court a supplement to his motion," and "includes his defective Indictment that is a constitutional violation that affects his sentence." (Mot. Suppl. 1.) Oden did not attach an indictment to his Motion to Supplement; however, Oden attached a Traverse ("Traverse," ECF No. 17-2), responding to

---

[3] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

2

Respondent's Motion to Dismiss. The Court construes Oden's Traverse as his response in opposition to Respondent's Motion to Dismiss and, as such, Oden timely filed his Traverse. Accordingly, Oden's Motion to Supplement (ECF No. 17) will be DENIED AS MOOT, and the Court will consider Oden's Traverse as his response in opposition to Respondent's Motion to Dismiss.

To the extent Oden seeks to add vague new claims in his Motion to Supplement or Traverse, the Court notes that Oden cannot add new claims by a passing reference in these submissions. *See Snyder v. United States*, 263 F. App'x 778, 779–80 (11th Cir. 2008) (refusing to consider petitioner's statement in a reply brief as an attempt to amend his § 2255 motion to add a new claim); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 847 F. Supp. 2d 843, 851 n.9 (E.D. Va. 2012); *Equity in Athletics, Inc. v. Dep't of Educ.*, 504 F. Supp. 2d 88, 111 (W.D. Va. 2007) (citations omitted) (explaining that "new legal theories must be added by way of amended pleadings, not by arguments asserted in legal briefs"). Therefore, to the extent that Oden seeks to add any new claims in his Motion to Supplement and Traverse,[4] the new claims will receive no further consideration in this action.

---

[4] In his Traverse, Oden responds to Respondent's Motion to Dismiss. (Traverse 1–4.) Oden states that, contrary to Respondent's argument in his Motion to Dismiss, Oden is in custody in violation of the Constitution or laws of the United States because "[of] violation of [his] Eighth and Fourteenth Amendment rights by staff[']s actions that [a]ffect his release date and or is used as punishment which [a]ffects his sentence." (*Id.* at 1.) After filing his Motion to Supplement and Traverse, Oden filed a document, styled as a "Complaint Amendment" ("Complaint Amendment," ECF No. 23). In his Complaint Amendment, Oden states that he "brings before this Honorable Court a Complaint Amendment in response to U.S. Attorney Motion to Dismiss Writ of Habeas Corpus." (Compl. Amendment at 1.) Although Oden styled his submission as a Complaint Amendment, the Court notes that, in this submission, Oden responds to Respondent's Motion to Dismiss. (*Id.* at 1–2.) Oden states that, contrary to Respondent's argument in his Motion to Dismiss, "Plaintiff provided notice of [his] claim and factual allegations that rise above mere speculation as evidence shows." (*Id.* at 1.) The Court, therefore, construes Oden's Complaint Amendment as a second response in opposition to Respondent's Motion to Dismiss. After filing his first Complaint Amendment, Oden filed a document, styled as "Complaint Amendment (2)" ("Second Complaint Amendment," ECF No. 26). In his Second Complaint

3

After filing his Motion to Supplement, Oden filed a Motion for Equitable Tolling, requesting "equitable tolling of the time for acceptance of his Traverse Motion." (Mot. Equitable Tolling 1.) As discussed above, the Court construes Oden's Traverse as his timely filed response in opposition to Respondent's Motion to Dismiss. Oden therefore does not need leave of Court to file his Traverse. Accordingly, Oden's Motion for Equitable Tolling (ECF No. 18) will be DENIED AS MOOT.

Oden also moves for the appointment of counsel. (Mot. Appointment Counsel 1.) No constitutional right to have appointed counsel in post-conviction proceedings exists. *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997). The Court, however, may appoint counsel to a financially eligible person if justice so requires. *See* 18 U.S.C. § 3006A(a)(2)(B). Oden fails to demonstrate that the interests of justice warrant the appointment of counsel at this juncture.

---

Amendment, Oden states that "[t]he Bureau of Prisons (BOP) has now . . . remov[ed] . . . the 6 past added criminal history points for violence" and "corrected the error." (*Id.* at 1.) Based on this information regarding the correction of his custody points for past violence, it appears that a portion of Oden's claims may be moot. However, in his Second Complaint Amendment, Oden indicates that he wishes to continue to pursue his claims. (*Id.* at 2.) To the extent that Oden attempts to raise any new claims regarding violations of his constitutional rights in his Traverse, Complaint Amendment, or Second Complaint Amendment, the Court notes that, even if such claims were properly before the Court, the allegations are too vague to allege any new claims. Additionally, in Oden's Traverse and Complaint Amendment, Oden requests leave to amend. Specifically, in his Traverse, he "requests if changed to a Bivens action civil suit, he be allowed to amend to seek damages and to supplement." (Traverse 4.) In his Complaint Amendment, Oden "requests that if the Court grants the Motion to Dismiss, it should also grant the Plaintiff leave to amend." (Compl. Amendment 2.) As set forth herein, the Court concludes that Oden's claims are not cognizable under 28 U.S.C. § 2241, and that, if Oden's § 2241 Petition is construed as a *Bivens* action, he fails to state a claim upon which relief can be granted. As such, any amendment would be futile. The Court notes that Oden also filed a document, styled as a "Nunc Pro Tunc Writ of Pra[e]cipe" ("Nunc Pro Tunc Writ of Praecipe," ECF No. 25). In Oden's Nunc Pro Tunc Writ of Praecipe, he states that he "requests that the Clerk of the Court file . . . case no. 3:17–cv–286[] without cost(s)." (*Id.* at 1.) Oden previously paid the full filing fee of five dollars (ECF No. 9), and by Order entered on June 7, 2017, the Court ordered that Oden's petition be filed. (Order 1, ECF No. 10.) As such, to the extent that Oden seeks to file this action without payment of the filing fee, any such request would be moot.

4

Accordingly, Oden's Motion for Appointment of Counsel (ECF No. 19) will be DENIED WITHOUT PREJUDICE.

In his Motion for Joinder of Party, Oden seeks to add "Jeff Sessions, Attorney General," and "Mark Inch, FBOP Director," as Defendants in this matter. (Mot. Joinder Party 1.) The Court notes that Oden filed his instant action as a § 2241 Petition. "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). As such, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435 (citations omitted). Therefore, Attorney General Jeff Sessions and FBOP Director Mark Inch are not proper parties to Oden's § 2241 Petition. Furthermore, as set forth below, the Court concludes that, if Oden's § 2241 Petition is construed as a *Bivens* action, he fails to state a claim upon which relief can be granted because he is unable to show that he has a constitutionally protected liberty interest in either his custody classification or participation in a specific sex offender treatment program. The addition of Jeff Sessions and Mark Inch as Defendants would not cure the deficiencies of Oden's *Bivens* action. Accordingly, Oden's Motion for Joinder of Party (ECF No. 22) will be DENIED.

## II. PERTINENT PROCEDURAL HISTORY

On November 1, 2011, in the United States District Court for the Northern District of West Virginia ("Sentencing Court"), Oden pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). *See Oden v. United States*, Nos. 3:13–CV–93, 3:11–CR–56, 2014 WL 2462993, at *2–3 (N.D. W. Va. June 2, 2014). On June 2, 2014, the Sentencing Court denied a 28 U.S.C. § 2255 Motion filed by Oden. *Id.*

5

Oden then filed a petition pursuant to 28 U.S.C. § 2241 ("First § 2241 Petition") in this Court. *Oden v. Wilson*, No. 3:15CV196, 2016 WL 183469, at *1–2 (E.D. Va. Jan. 11, 2016). In his First § 2241 Petition, Oden raised four claims in an attempt to challenge his conviction and sentence. *See id.* at *2 (setting forth Oden's four claims for relief in his First § 2241 Petition). By Memorandum Opinion entered on January 11, 2016, the Court dismissed Oden's First § 2241 Petition for lack of jurisdiction, explaining that "it is plain under the precedent in the United States Court of Appeals for the Fourth Circuit that Oden may not utilize 28 U.S.C. § 2241 to challenge his conviction or sentence." *Id.* at *2; *see id.* at *6. Oden now seeks to challenge the execution of his sentence and has filed another § 2241 Petition in this Court. (§ 2241 Pet. 2–10.)

In Oden's instant § 2241 Petition, he asserts that he is challenging "the way his sentence is being carried out [which] directly [a]ffects Petitioner while incarcerated." (*Id.* at 6.) Specifically, Oden alleges that the Federal Bureau of Prisons ("BOP") improperly increased his custody points for past violence.[5] (*Id.* at 3, 7–8.) Oden states that a "[n]ewly appointed case manager changed [his] custody points for past violence that was a 0 to [a] 6." (*Id.* at 8.) Oden alleges that this increase in his custody points for past violence was contrary to "the Statement of Reasons ("SOR") and the judicial findings showing a non-aggressive offense in his previous North Carolina conviction." (*Id.*) As relief, Oden requests that the Court "order the Bureau to

---

[5] When Oden filed the instant § 2241 Petition, he was incarcerated at FCI Petersburg Medium, and he named Eric Wilson, Warden at FCI Petersburg Medium, as the Respondent in this matter. (§ 2241 Pet. 2.) Shortly after filing his § 2241 Petition, Oden was transferred to the United States Penitentiary, Marion in Marion, Illinois. (Notice of Address Change, ECF No. 4.) Because Respondent Wilson was Oden's "immediate custodian" when Oden filed his § 2241 Petition, this Court may consider Oden's § 2241 Petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) (citations omitted) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). To the extent that the Court could transfer this action to the United States District Court for the Southern District of Illinois, the district that encompasses the United States Penitentiary, Marion, the Court will not transfer this action because Oden's claims lack merit and, therefore, it would not be in the interest of justice to do so. *See* 28 U.S.C. § 1406(a).

remove the 6 points that [were] incorrectly added that [a]ffects the way Petitioner's sentence is being carried out and allow him to take a non-residential (SOMP) program." (*Id.* at 9.)

In support of his § 2241 Petition, Oden attached the response from the National Inmate Appeals Administrator dated January 18, 2017 ("January Administrative Appeal Response," ECF No. 1–1), denying his appeal regarding his custody classification score. The January Administrative Appeal Response discusses Oden's past criminal history. The January Administrative Appeal Response states:

> We concur with the manner in which the Warden and Regional Director addressed your concerns. . . . According to your criminal history, in January of 2010, you were charged with statutory rape that was dismissed pursuant to a plea agreement in which you pled guilty to Contributing to the Delinquency of a Juvenile and Indecent Liberties with a Child. The offense conduct involved the sexual exploitation of minors while under the influence of alcohol that you provided. Policy defines a Serious History of Violence as "aggressive or intimidating behavior which is likely to cause serious bodily harm or death (e.g., aggravated assault, domestic violence, intimidation involving a weapon, incidents involving arson or explosives, rape, etc.)."

(*Id.* at 1.)

### III. ANALYSIS

#### A. Oden's Claims are not Cognizable under 28 U.S.C. § 2241

"[C]hallenges to the *execution* of a federal sentence are properly brought under 28 U.S.C.A. § 2241." *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (emphasis added) (footnote omitted) (citing *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc)). Under 28 U.S.C. § 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he settled rules [provide] that habeas corpus relief is appropriate only when a prisoner attacks the fact or duration of confinement, *see Preiser v. Rodriguez*, 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite

reduction in the length of confinement are properly brought" by some other procedural vehicle, including a *Bivens* action. *Olajide v. B.I.C.E.*, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (emphasis omitted) (internal parallel citations omitted) (citing *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978)).

### 1. Claim One

In Claim One, Oden challenges the BOP's decision to increase his custody points for past violence, which he alleges results in a change to his custody classification, "places [him] at USP points," and "puts his life at a greater safety risk for a disabled inmate." (§ 2241 Pet. 7–8.) Generally, eligibility for, or transfer to, a new federal prison that is comparable to a prisoner's current facility relates to the conditions of a prisoner's confinement, and such claims are not cognizable under § 2241. *See Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999) ("[H]abeas corpus cannot be used to challenge a transfer between prisons." (citing *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991))). Additionally, a prisoner's "challenge to his custody classification is not cognizable in a § 2241 petition because he does not challenge the basic fact or duration of his imprisonment, which is the 'essence of habeas.'" *Briley v. Att'y Gen. United States*, 632 F. App'x 84, 84 (3d Cir. 2016) (quoting *Preiser*, 411 U.S. at 484). For such a claim to be cognizable under § 2241, a prisoner must show that his or her claims rise to a "'quantum change in the level of custody' necessary to render the execution of a federal sentence amenable to relief under § 2241." *Newbold v. Stansberry*, No. 1:08cv1266 (LO/JPP), 2009 WL 86740, at *3 (E.D. Va. Jan. 12, 2009) (quoting *Pischke*, 178 F.3d at 499).

Here, Oden's § 2241 Petition contains only conclusory allegations that a transfer to a United States Penitentiary facility would violate his constitutional rights. (§ 2241 Pet. 7.)

8

Oden's § 2241 Petition does not contain sufficient factual allegations to show that his eligibility for placement at a United States Penitentiary would significantly alter his level of custody. *See Meachum v. Fano*, 427 U.S. 215, 224–25, 229 (1976); *Newbold*, 2009 WL 86740, at *2–3 (quoting *Pischke*, 178 F.3d at 499). Oden fails to allege facts that plausibly suggest that his eligibility for placement at a United States Penitentiary facility implicates the execution of his sentence. Therefore, Claim One is not cognizable under § 2241 because Oden does not challenge the fact or duration of his confinement.

### 2. Claim Two

In Claim Two, Oden challenges the denial of his ability to participate in a voluntary, non-residential sex offender treatment program "after release." (§ 2241 Pet. 8.) Oden alleges that he will be denied the ability to participate in this program because of the increase in his custody points and the change in his custody classification. (*Id.*) As set forth above, the non-residential sex offender treatment program is provided to inmates during their incarceration. *See supra* note 2. Due to the ambiguity as to the type of program addressed in Claim Two, the Court construes Oden's Claim Two as challenging his eligibility to participate in the non-residential sex offender treatment program during his incarceration and in sex offender treatment after his release. However, Oden does not argue that his inability to participate in sex offender treatment programs, either during his incarceration or after his release, affects the duration or fact of his confinement, and the Court cannot discern any such impact. *See Olajide*, 402 F. Supp. 2d at 695 (citing *Strader*, 571 F.2d at 1269). Therefore, Claim Two is not cognizable under § 2241.

### B. Construing Oden's § 2241 Petition as a *Bivens* Action, Oden Fails to State a Claim for Relief

As discussed above, Oden's claims are not cognizable under 28 U.S.C. § 2241. However, in addition to analyzing Oden's claims under § 2241, Respondent analyzes Oden's

claims as claims brought in a civil rights action. (Mem. Supp. Mot. Dismiss at 6–10 ECF, No. 12.) Construing Oden's § 2241 Petition as a civil rights action, Respondent moves to dismiss Oden's claims, arguing that Oden fails to show that he has a constitutionally protected liberty interest in either his custody classification or participation in a specific sex offender treatment program. (*Id.* at 7–10.) For the reasons set forth below, Respondent's Motion to Dismiss will be GRANTED because, in addition to asserting claims that are not cognizable under § 2241, Oden fails to demonstrate that he is entitled to relief under *Bivens*.

### 1. Standard for Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41,

47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### 2. *Bivens* Action

"In order to state a viable *Bivens* claim, a plaintiff must allege facts which indicate that a person acting under color of federal authority deprived him or her of a constitutional right." *Williams v. Burgess*, No. 3:09CV115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (footnote omitted) (citing *Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004)). A *Bivens* action is the "federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Iqbal*, 556 U.S. at 675–76 (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)).

As an initial matter, construing Oden's § 2241 Petition as a *Bivens* action, the named Defendant is not a proper defendant under *Bivens*. In a *Bivens* action, "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676 (citations omitted). Therefore, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Here, Oden argues that a "newly appointed case worker changed [his] custody points." (§ 2241 Pet. 8.) Oden does not allege that Defendant Wilson violated the Constitution in his individual capacity. (*See id.* at 2–10; Traverse 1–4.) Nevertheless, setting aside the issue as to whether Oden has named the proper Defendant and, viewing his claims in the light most favorable to him, Oden fails to state a claim for relief because neither of his claims implicate a protected liberty interest under the Due Process Clause of the Constitution.

### 3. Due Process

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citing cases). A liberty interest may arise from the Constitution itself or from state or federal laws and policies. *See Wilkinson v. Austin*, 545 U.S. 209, 220–21 (2005).

#### a. Claim One

In Claim One, Oden alleges that the BOP improperly increased his custody points, which changed his custody classification and made him eligible for transfer to a United States Penitentiary. (§ 2241 Pet. 7–8.) Pursuant to 18 U.S.C. § 3621(b):

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau *may designate any available penal or correctional facility that meets*

*minimum standards of health and habitability established by the Bureau . . .* that the Bureau determines to be appropriate and suitable, considering [certain enumerated factors, including] . . . *the history and characteristics of the prisoner.*

18 U.S.C. § 3621(b)(3) (emphasis added). The Supreme Court has held that "[t]he Due Process Clause standing alone confers no liberty interest in freedom from state action taken 'within the sentence imposed.'" *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). "[C]hanges in a prisoner[']s[] location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his [or her] original sentence to prison . . . ." *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991).

As to a prisoner's security or custody classification, "[t]he federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . and is not otherwise violative of the Constitution." *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) (alteration in original) (quoting *Hewitt*, 459 U.S. at 468). Additionally, "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221 (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). Thus, Oden cannot demonstrate that the Constitution grants him a liberty interest in avoiding changes to his custody classification or eligibility for placement at a United States Penitentiary. Accordingly, Respondent's Motion to Dismiss will be GRANTED as to Claim One.

### b. Claim Two

In Claim Two, Oden alleges that the change in his custody score and corresponding custody classification make him ineligible to participate in a voluntary, non-residential sex

offender treatment program "after release." (§ 2241 Pet. 8.) As discussed above, due to the ambiguity as to the type of treatment program addressed in Claim Two, the Court construes Oden's Claim Two as challenging his eligibility to participate in sex offender treatment programs during his incarceration and after his release. *See supra* Part III.A.2.

Pursuant to 18 U.S.C. § 3621(f), the BOP "shall make available appropriate treatment to sex offenders who are in need of and suitable for treatment," including non-residential sex offender management programs and residential sex offender treatment programs. 18 U.S.C. § 3621(f)(1)(A)–(B). However, the Supreme Court has held that no due process protections are required for changes to "*prisoner classification* and *eligibility for rehabilitative programs* in the federal system." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (emphasis added).

Attached to his § 2241 Petition, Oden submitted the response from the National Inmate Appeals Administrator dated February 12, 2017 ("February Administrative Appeal Response," ECF No. 1–5), denying his appeal regarding placement in a non-residential sex offender treatment program. The February Administrative Appeal Response states, "Pscychology staff members determined you would be eligible to participate in the Residential Sex Offender Treatment Program which you declined." (*Id.* at 1.)

As set forth above, the BOP must make appropriate treatment programs available to sex offender inmates "who are in need of and suitable for treatment." 18 U.S.C. § 3621(f). In this case, the BOP determined that Oden was eligible for a residential sex offender treatment program, rather than a non-residential sex offender treatment program. (ECF No. 1–5, at 1.) Oden is unable to show that the BOP failed to comply with the statutory requirements set forth in 18 U.S.C. § 3621(f) because he was given access to a residential sex offender treatment program and was not denied access to all sex offender treatment programs.

Furthermore, to the extent that Oden seeks to challenge his participation in specific treatment programs during his incarceration and after his release from custody, although by statute the BOP must make appropriate treatment programs available to sex offender inmates, the Constitution does not give rise to a liberty interest in participation in such programs. *See Moody*, 429 U.S. at 88 n.9. Therefore, Oden cannot demonstrate that the Constitution grants him a liberty interest in participating in *any* sex offender treatment program, much less in participating in a *specific type* of sex offender treatment program. Accordingly, Respondent's Motion to Dismiss will be GRANTED as to Claim Two.

## IV. CONCLUSION

For the foregoing reasons, Oden's Motion to Supplement (ECF No. 17) and his Motion for Equitable Tolling (ECF No. 18) will be DENIED AS MOOT. Oden's Motion for Appointment of Counsel (ECF No. 19) will be DENIED WITHOUT PREJUDICE, and Oden's Motion for Joinder of Party (ECF No. 22) will be DENIED. Respondent's Motion to Dismiss (ECF No. 11) will be GRANTED. The § 2241 Petition (ECF No. 1) will be DENIED, and the action will be DISMISSED.

An appropriate Final Order shall issue.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: January 10, 2018
Richmond, Virginia